JAP:ACG

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

NARAY PALANIAPPAN,

        Defendant.

- - - - - - - - - - - - - -X

**15 M 831**

C O M P L A I N T

(T. 18, U.S.C. § 2252(a)(2))

EASTERN DISTRICT OF NEW YORK, SS:

    AARON E. SPIVACK, being duly sworn, deposes and states that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), duly appointed according to law and acting as such.

    On or about and between February 2015 and August 8, 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant NARAY PALANIAPPAN did knowingly receive any visual depiction, the production of such visual depiction having involved the use of one or more minors engaging in sexually explicit conduct and such visual depiction was of such conduct, using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce or which contains materials which have been mailed or so shipped or transported, by any means including by computer.

    (Title 18, United States Code, Section 2252(a)(2)).

2

The source of your deponent's information and the grounds for his belief are as follows:

1.  I have been a Special Agent with the FBI since October 2008 and am currently assigned to the New York Office. Since May 2010, I have been assigned to a Crimes Against Children squad and have investigated violations of criminal law relating to the sexual exploitation of children. I have gained expertise in this area through classroom training and daily work conducting these types of investigations. As a result of my training and experience, I am familiar with the techniques and methods used by individuals involved in criminal activity to conceal their activities from detection by law enforcement authorities. As part of my responsibilities, I have been involved in the investigation of numerous child pornography ("CP") cases and have reviewed thousands of photographs depicting minors (less than eighteen years of age) being sexually exploited by adults. Through my experience in these investigations, I have become familiar with methods of determining whether a child is a minor. I am also a member of the Eastern District of New York Project Safe Childhood Task Force.

2.  I am familiar with the information contained in this affidavit based on my own personal participation in the investigation, my review of documents, my training and experience, and discussions I have had with other law enforcement personnel concerning the creation, distribution and proliferation of child pornography. Additionally, statements attributable to individuals herein are set forth in sum and substance and in part.

3.  A website ("Website A") was operated on a network ("the Network") available to Internet users who are aware of its existence. The Network is designed specifically to facilitate anonymous communication over the Internet. Websites that are accessible only to users within the Network can be set up within the Network and Website A

3

was one such website. Website A could not generally be accessed through the traditional Internet. Only a user who had installed the appropriate software on the user's computer could access Website A.

4. Website A was a child pornography bulletin board and website dedicated to the advertisement and distribution of child pornography and the discussion of matters pertinent to the sexual abuse of children, including the safety and security of individuals who seek to sexually exploit children online. On or about February 20, 2015, the computer server hosting Website A was seized from a web-hosting facility. Between February 20, 2015, and March 4, 2015, law enforcement agents acting pursuant to a court order from another federal district court monitored electronic communications of users of Website A.

5. According to data obtained from logs on Website A and monitoring by law enforcement, a user with the user name "JIMINYCRACKET" originally registered an account on Website A on February 20, 2015. Between February 20, 2015 and March 1 2015, the user "JIMINYCRACKET" actively logged into Website A for a total of 8 hours and 47 minutes. During this activity, the user "JIMINYCRACKET" accessed numerous posts on Website A containing sexually explicit images, including of prepubescent females. For example, on February 25, 2015, the user "JIMINYCRACKET" with IP address 66.65.112.171 accessed the post entitled "Scargirl & Sister (700 unsorted pictures)." Among other things, this post contained hundreds of thumbnails of young females ranging in age from approximately 4 to 10 years of age engaging in various sexual activities with adult men, as well as themselves. As another example, on February 22, 2015, the user "JIMINYCRACKET" accessed a post that contained a link to 34 images most, if not all of which contain child pornography. One image in particular depicts an approximately 8 year old female performing

4

oral sex on an adult male. A second image depicts an approximately 5 year old female who appears to be passed out while an adult male is penetrating her vagina with his penis.

      6. Using publicly available websites, FBI Special Agents were able to determine that that when IP Address 66.65.112.171 accessed Website A, it was operated by the Internet Service Provider ("ISP") Time Warner Cable.

      7. Records obtained from Time Warner Cable, in response to a subpoena, showed that the IP address 66.65.112.171 during the pertinent time frame described above was registered to the defendant. The address that Time Warner Cable had associated with the defendant was an apartment in a building located in Queens, New York (hereinafter the "Queens Address").

      8. On September 1, 2015, FBI agents executed a search warrant, issued on August 31, 2015 by the Honorable Marilyn D. Go at the Queens Address. Law enforcement agents discovered the defendant in the Queens Address.

      9. Agents recovered from the Queens Address a memory card, cellular phone, and a network attached storage device, among other items. Pursuant to the aforementioned search warrant, agents performed a preliminary review of theses devices, and discovered that they contained approximately 30,000 computer files that an initial review indicate are child pornography images and videos. Agents reviewed a number of those files, including:

    a. **melianda enhanced.wmv** is a video file that is approximately 1 minute and 13 seconds in length depicting a nude, prepubescent girl that appears to be approximately under eight years old. The video depicts the prepubescent girl being anally penetrated by what appears to be an adult male penis.

    b. **Al_4_private1.mpg** is video file that is approximately 3 minutes and 25

5

seconds in length depicting a nude, prepubescent girl that appears to be approximately age six or seven years old. The video depicts the prepubescent girl in a bathtub touching her vagina and then engaging an adult male penis in oral sex.

10. The defendant was read his <u>Miranda</u> rights, waived his rights, and agreed to speak to law enforcement. The defendant stated, in sum and substance and in part, he had visited Website A, that his username for Website A was "JIMINYCRACKET," that he used Website A and other websites as well as peer-to-peer networks to download child pornography, that he stores child pornography on the three devices mentioned above, and that he masturbates to child pornography. Agents showed the defendant files that contained child pornography images and videos, including some downloaded on or about August 8, 2015, and the defendant confirmed that he downloaded the files. .

6

WHEREFORE, your deponent respectfully requests that the defendant NARAY PALANIAPPAN be dealt with according to law.

_____
AARON E. SPIVACK
Special Agent
Federal Bureau of Investigation

Sworn to before me this
1st day of September, 2015

_____
THE HONORABLE STEVEN M. GOLD
CHIEF UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK